Filed: 2/16/2026 4:40 PM
Clerk
LaPorte County, Indiana

LaPorte Superior Court 2

STATE OF INDIANA )      IN THE LA PORTE SUPERIOR COURT NO. 2
) §§
COUNTY OF LA PORTE )      CAUSE NO: __46D02-2602-PL-000511__

|  |  |  |
| --- | --- | --- |
| NATURALLY WOOD INCORPORATED, an Indiana corporation, | ) ) ) | |
| | ) | **BEFORE THE HONORABLE** |
| Petitioner, | ) ) | |
| v. | ) ) | |
| WEST BEND INSURANCE COMPANY, a Wisconsin corporation, | ) ) ) | |
| Respondent. | ) ) | |

## PETITION FOR APPOINTMENT OF UMPIRE

**COMES NOW** Petitioner, Naturally Wood Incorporated, acting by and through its President, Michael Schonaert (hereinafter "Petitioner"), and pursuant to *Indiana Trial Rule 53* respectfully petitions this Court to appoint an impartial umpire as provided for in a certain insurance policy issued by Respondent West Bend Insurance Company (hereinafter "Respondent") to determine the amount of Petitioner's property loss which is subject to a dispute between Petitioner and Respondent. In support hereof, Petitioner states as follows.

1.      Petitioner is an Indiana corporation in good standing with its principal place of business located at 1106 E. US Hwy 20, Michigan City, Indiana, 46360.

2.      Michael Schonaert is Petitioner's President and a resident of La Porte County.

3.      Respondent is a Wisconsin insurance corporation authorized to do business and doing business in the State of Indiana and in La Porte County.

4.      On or about December 27, 2023, Respondent agreed to insure Petitioner's property located in La Porte County under a commercial lines insurance policy, Policy No. B545010 00 (hereinafter the "Policy").

Page **1** of **5**

5.    Petitioner has discharged all its obligations under the Policy.

6.    The Policy period was from December 27, 2023, until December 27, 2024 (hereinafter the "Policy Period").

7.    The Policy covered, among other risks, damage to Petitioner's property caused by weather events, including hail.

8.    On May 7, 2024, within the Policy Period, Petitioner's property, which was insured under the Policy, was damaged by hail.

9.    Petitioner's property is comprised of a main building and a warehouse. The roof on the main building has three sections with the following coverings: a single-ply thermoplastic PVC membrane, modified bitumen roofing material, and three-tab asphalt composition shingles. The roof on the warehouse is covered with metal panels. All four roof surfaces sustained hail damage.

10.    Petitioner made an insurance claim for hail and other damage to all four roof surfaces.

11.    Petitioner contends that the cost to repair the hail damage to all four roof surfaces is $354,305.32 based on its repair estimates.

12.    Respondent denied the claim in part, contending that the hail damage is limited to the metal roof panels of the warehouse, and certain other features, such as the gutters, ridge vents, and other surfaces and contends that the cost to repair the hail damage is $69,381.64 on a replacement cost value basis based on its repair estimates.

13.    Thus, the Parties do not dispute that a covered loss occurred; rather, they dispute the amount of the covered loss.

14.    The Appraisal Provision of the Policy provides in pertinent part:

If [Respondent] and [Petitioner] disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a

Page 2 of 5

competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(hereinafter the "Appraisal Provision"). The relevant portion of the Policy is attached hereto as Exhibit A.

15. Petitioner selected its appraiser and Respondent selected its appraiser. However, the parties' appraisers are unable to agree upon an umpire. Therefore, pursuant to the Appraisal Provision, Petitioner respectfully petitions this Court to appoint a neutral umpire.

16. This Court has jurisdiction over this *Petition* and the authority to appoint an umpire under *Indiana Trial Rule 53*, which provides in pertinent part that "[e]ach trial court may appoint a court-appointed neutral in a case pending therein if: (1) All parties consent to appointment of a court-appointed neutral ...."

17. Both parties have consented to a court-appointed neutral—here, an umpire—by virtue of the Appraisal Provision of the Policy.

18. This Court also has jurisdiction over this *Petition* and the authority to appoint an umpire because this Court has the authority to order specific performance of the Policy and the Policy itself provides that a court of competent jurisdiction may appoint a neutral umpire in these circumstances. *See Johnson v. Sprague*, 614 N.E.2d 585, 588 (Ind. Ct. App. 1993) ("The granting of specific performance is committed to the sound discretion of the trial court.").

19. Petitioner proposes the following three umpires:

a. Christopher T. Sopata (a copy of Mr. Sopata's *curriculum vitae* is attached hereto as Exhibit B);

b.      Denny Keiser (a copy of Mr. Keiser's *curriculum vitae* is attached hereto as Exhibit C); and

c.      Tim Leslie (a copy of Mr. Leslie's *curriculum vitae* is attached hereto as Exhibit D).

d.      Respondent proposes the following three umpires: Randall Rapp, Charles E. Gasser, or Wes Wright.

20.     Petitioner believes Christopher T. Sopata is the ideal candidate for this this Court to appoint as umpire. Mr. Sopata is a seasoned construction industry professional with over thirty years' experience in the fields most relevant to the issue presented, especially his experience in property claim adjustment for major insurance companies. He is a certified roof and wind damage inspector and has been an appraisal specialist and umpire since 2021, having completed hundreds of appraisals, including many umpire assignments, and having managed thousands of property damage claims.

21.     Petitioner's second choice is Denny Keiser. Mr. Keiser is a licensed public insurance adjuster, licensed in Indiana, Michigan, and Ohio, who has over thirty years' experience as an adjuster, specializing in adjusting residential and commercial property losses. Mr. Keiser has acted as an umpire for both the insurer and the insured.

22.     Finally, Tim Leslie is a certified general adjuster, appraiser, umpire, and loss consultant with over seven years' experience as an adjuster. Mr. Leslie also has acted as an umpire for both the insurer and the insured.

**WHEREFORE**, Petitioner respectfully petitions this Court to appoint Christopher T. Sopata as umpire to resolve the differences between the Parties' appraisers in this matter. Alternatively, if the Court decides not to appoint Mr. Sopata, then Petitioner respectfully petitions

this Court to appoint Denny Keiser as umpire for that purpose. Finally, if the Court decides not to appoint either Mr. Sopata or Mr. Keiser, then Petitioner respectfully petitions this Court to appoint Tim Leslie as umpire.

Dated: February 16, 2026

Respectfully submitted,

ESPAR & ASSOCIATES, P.C.

/s/ *Joseph J. Zaknoen*

Joseph J. Zaknoen, Attorney at Law
Supreme Court Identification No. 32247-46
501 Pine Street
Michigan City, Indiana 46360-3330
Telephone:    (219) 874-2900
Facsimile:    (219) 874-2852
*Attorneys for Petitioner*

Page **5** of **5**

**46D02-2602-PL-000511**

LaPorte Superior Court 2

Filed: 2/16/2026 4:40 PM
Clerk
LaPorte County, Indiana



West Bend Mutual Insurance Company
1900 S. 18th Ave. | West Bend, WI 53095

New Business

### Commercial Lines Policy Declaration

| | |
|---|---|
| **Customer Number:** 1000133971 | **Policy Period:** 12/27/2023 to 12/27/2024 |
| **Policy Number:** B545010 00 | at 12:01 AM Standard Time at Your Mailing Address Shown Below |

**Named Insured and Address:**
Naturally Wood, Inc
DBA Naturally Wood Furniture Center
1106 E US Highway 20
Michigan City, IN 46360

**Agency Name and Address:**          13353
GENERAL INSURANCE SERVICES INC
P O BOX 418
MICHIGAN CITY, IN 46361
219-879-4581

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

This policy consists of the following coverage parts for which a premium is indicated. This premium may be subject to adjustment.

| Coverage Part | Premium |
|---|---|
| Businessowners Coverage | $10,740.00 |
| Commercial Auto Coverage | $3,945.00 |
| Commercial Liability Umbrella Coverage | $955.00 |
| Total Premium: | $15,640.00 |
| Total Including Taxes, Fees and Surcharges: | $15,640.00 |

**This is not a bill.** A billing invoice will be sent separately.

See attached schedule for forms applicable to all coverage parts.

DCP 01 01 18

12/28/2023 09:57:22

Petitioner's Exhibit A

**b.** The amount of increase is calculated as follows:

**(1)** Multiply the Building limit that applied on the most recent of the policy inception date, the policy anniversary date or any other policy change amending the Building limit by:

**(a)** The percentage of annual increase shown in the Declarations, expressed as a decimal (example: 7% is .07); or

**(b)** .08, if no percentage of annual increase is shown in the Declarations; and

**(2)** Multiply the number calculated in accordance with **b.(1)** by the number of days since the beginning of the current policy year, or the effective date of the most recent policy change amending the Building limit, divided by 365.

**Example**

If:

The applicable Building limit is $100,000. The annual percentage increase is 8%. The number of days since the beginning of the policy year (or last policy change) is 146.

The amount of increase is

$100,000 x .08 x 146 ÷ 365 = $3,200.

**5. Business Personal Property Limit – Seasonal Increase**

**a.** Subject to Paragraph **5.b.**, the Limit of Insurance for Business Personal Property is automatically increased by:

**(1)** The Business Personal Property – Seasonal Increase percentage shown in the Declarations; or

**(2)** 25% if no Business Personal Property – Seasonal Increase percentage is shown in the Declarations;

to provide for seasonal variances.

**b.** The increase described in Paragraph **5.a.** will apply only if the Limit Of Insurance shown for Business Personal Property in the Declarations is at least 100% of your average monthly values during the lesser of:

**(1)** The 12 months immediately preceding the date the loss or damage occurs; or

**(2)** The period of time you have been in business as of the date the loss or damage occurs.

**D. Deductibles**

**1.** We will not pay for loss or damage in any one occurrence until the amount of loss or damage exceeds the Deductible shown in the Declarations. We will then pay the amount of loss or damage in excess of the Deductible up to the applicable Limit of Insurance of Section **I** – Property.

**2.** Regardless of the amount of the Deductible, the most we will deduct from any loss or damage under all of the following Optional Coverages in any one occurrence is the Optional Coverage Deductible shown in the Declarations:

**a.** Money and Securities;

**b.** Employee Dishonesty;

**c.** Outdoor Signs; and

**d.** Forgery or Alteration.

But this Optional Coverage Deductible will not increase the Deductible shown in the Declarations. This Deductible will be used to satisfy the requirements of the Deductible in the Declarations.

**3.** No deductible applies to the following Additional Coverages:

**a.** Fire Department Service Charge;

**b.** Business Income;

**c.** Extra Expense;

**d.** Civil Authority; and

**e.** Fire Extinguisher Systems Recharge Expense.

**E. Property Loss Conditions**

**1. Abandonment**

There can be no abandonment of any property to us.

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

© Insurance Services Office, Inc., 2012    BP 00 03 07 13

Petitioner's Exhibit A

If there is an appraisal, we will still retain our right to deny the claim.

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

**(1)** Notify the police if a law may have been broken.

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance of Section I – Property. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

**(9)** Resume all or part of your "operations" as quickly as possible.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

**4. Legal Action Against Us**

No one may bring a legal action against us under this insurance unless:

**a.** There has been full compliance with all of the terms of this insurance; and

**b.** The action is brought within two years after the date on which the direct physical loss or damage occurred.

**5. Loss Payment**

In the event of loss or damage covered by this policy:

**a.** At our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to Paragraph **d.(1)(e)** below.

**b.** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**c.** We will not pay you more than your financial interest in the Covered Property.

**d.** Except as provided in Paragraphs **(2)** through **(7)** below, we will determine the value of Covered Property as follows:

**(1)** At replacement cost without deduction for depreciation, subject to the following:

**(a)** If, at the time of loss, the Limit of Insurance on the lost or damaged property is 80% or more of the full replacement cost of the property immediately before the loss, we will pay the cost to repair or replace, after application of the deductible and without deduction for depreciation, but not more than the least of the following amounts:

**(i)** The Limit of Insurance under Section I – Property that applies to the lost or damaged property;

Petitioner's Exhibit A

**46D02-2602-PL-000511**

LaPorte Superior Court 2

Filed: 2/16/2026 4:40 PM
Clerk
LaPorte County, Indiana



## Christopher T. Sopata
Director, Building Consulting



### Key Expertise

- Appraisal
- Umpire
- Estimating
- Roof Consulting
- Residential
- Commercial
- Multi-Family

### Education

Carpenters Union Apprenticeship School

### Project Geographical Experience

US

### Languages

English

## Summary of Experience

Christopher Sopata is a seasoned construction industry professional with over 30 years of experience across multiple roles, including project management, property claims adjustment, and consulting. His expertise in contract negotiation, project estimating, and subcontractor relations has contributed to a strong track record of success in residential and commercial construction.

Chris is highly skilled in communication and problem-solving, enabling him to efficiently assess damage, resolve disputes, and manage complex projects. His background includes leadership in construction businesses, property claims assessment for major insurance firms, and dispute resolution as an appraisal specialist and umpire. He has demonstrated a deep understanding of building codes, safety regulations, and industry best practices throughout his career.

With hands-on experience in renovations, demolition, and all aspects of construction, from framing and finish carpentry to electrical and plumbing, Chris brings a comprehensive and versatile skill set to every project he undertakes.

## Professional Affiliations/Memberships/Licenses/Training

HAAG Certified Inspector - Residential Roofs

HAAS Certified Inspector - Wind Damage

OSHA 10

## Role at J.S. Held

Chris Sopata is a key member of J.S. Held's Appraisal and Great Lakes Building Consulting teams, specializing in appraisals and umpiring services. He helps resolve property damage disputes by evaluating claims, determining fair and reasonable outcomes, and facilitating resolutions.

Beyond appraisals, Chris is involved in damage assessments, estimating, project management, invoice review, code analysis, and expert testimony. His deep construction expertise allows him to analyze damage, assess repair costs, ensure code compliance, and review invoices for accuracy.

## Contact

200 W Madison St, Suite 1020, Chicago, IL 60606 |+1 516-266-2588 (O) | +1 219-304-3129 (M) | christopher.sopata@jsheld.com

J.S. Held and its affiliates and subsidiaries are not a certified public accounting firm and do not provide audit, attest, or any other.

public accounting services. J.S. Held is not a law firm and does not provide legal advice. All rights reserved.

Page 1 of 2

Petitioner's Exhibit B

## Christopher T. Sopata
Director, Building Consulting



### Work Experience

J.S. Held, LLC
Director
2025 - Present

Elevate Claims Solutions
Appraisal Specialist, Umpire
2021 - 2025

Dynamic Construction LLC
Owner/Operator
1998 - 2012, 2019 - 2025

Erie Insurance Group
Property Claims Adjuster
2015 - 2019

Hancock Claim Consultants
Roofing Consultant
2013 - 2015

Monroe Restoration
Project Estimator
2012 - 2013

### Select Project Experience

**Trinity Episcopal Church, Michigan City, IN** - Conducted damage assessment and project estimation for an insurance carrier's legal team regarding a wind damage claim. The estimated loss was approximately $1 million, affecting multiple roof slopes and causing water damage.

**Appraisal & Umpire Assignments** - Completed hundreds of appraisals, including umpire assignments, primarily involving hail, wind, fire, and water damage. While most of this work has been conducted in the Midwest, additional appraisals have been completed in Pennsylvania, Virginia, Maryland, Tennessee, Kentucky, Mississippi, and Idaho.

**Property Claims** - Managed over 1,000 property claims for both residential and commercial properties. Responsibilities included coverage analysis, property inspections, damage estimation, coverage application, and settlement determination. Also conducted recorded statements and examinations under oath and collaborated with specialty professionals for further claim investigations when needed.

J.S. Held and its affiliates and subsidiaries are not a certified public accounting firm and do not provide audit, attest, or any other.
public accounting services. J.S. Held is not a law firm and does not provide legal advice. All rights reserved.

## Petitioner's Exhibit B

**46D02-2602-PL-000511**

LaPorte Superior Court 2

Filed: 2/16/2026 4:40 PM
Clerk
LaPorte County, Indiana

**Curriculum Vitae**

**Insurance Expert Witness Qualifications**



**Denny Keiser**

Best Insurance Settlement, LLC

Phone:574-354-9979

Email: DK@BestInsuranceSettlement.com

P.O. Box 705 Fremont, In. 46737

**Licensed Public Insurance Adjuster**

## Background

Owner of Best Insurance Settlement, a licensed public adjuster and entrepreneur dedicated to aiding clients navigate property insurance losses to obtain a proper and fair settlement. Provides expert policy review, estimate creation and reconciliation, content review, appraising and umpire service.

Licensed adjuster for states including Indiana, Michigan, and Ohio. Formed respectful relationships based on extensive experience in the insurance industry to include restoration specialists, contractors, cause and origin experts, engineering firms, various insurance companies, adjusters, attorneys, and others.

Graduate from Ball State with a bachelor's degree in criminal justice and minor in psychology. Began career with State Farm Insurance as a field adjuster handling property and casualty losses in the homeowner and commercial lines of insurance. Experience includes traveling to several states during disaster situations to manage home and commercial losses damaged from hurricanes, tornados, flood, fire, riots and earthquakes and other property damage losses. Formed Best Insurance Settlement in 2018.

Throughout career, has demonstrated the ability to navigate through complicated losses and bring those losses to a reasonable and fair conclusion, focusing on suitable repairs to restore homes and businesses to pre-loss conditions. The knowledge gained through more than 30 years of experience has proven beneficial for both insurance carriers and homeowners seeking an Appraiser for property insurance losses in reaching a fair and reasonable settlement.

Petitioner's Exhibit C

## Current Practice:

- Licensed Public Adjuster: Specializing in residential and commercial property losses.
- Appraising and umpiring for insurance carriers and homeowners to attempt claim resolution.

## Current Licenses:

Indiana Public Adjuster License: #3373547, License #3389648
Ohio Public Adjuster License: #1223653
Michigan Non-Resident Adjuster for Insured: #3576981

## Academic Qualifications

- Bachelor of Arts, Criminal Justice: 1990 Ball State University — Muncie, IN, United States
- Minor: Psychology

## Professional Designations & Memberships

- CPCU, Chartered Property & Casualty Underwriters: The Institutes-Malvern PA.
- CLU, Chartered Life Underwriter: The American College-Bryn Mawr, PA.
- CHfC, Chartered Financial consultant: The American College-Bryn Mawr, PA.

## Areas of Expertise

- Xactimate Estimating
- Policy and Coverage Review
- Additional Living Expense
- Business Income Losses
- Large Losses- Residential and Commercial
- Contents On-site Itemization/Pricing
- Contents Review
- Estimate Review and Breakdown
- Inspections, Photos, and Diagrams
- Appraiser
- Umpire

# Petitioner's Exhibit C



## Professional Experience

| | | |
|---|---|---|
| • | Estimate and Property claim resolutions for clients | 2018- current |
| • | Appraisals for Insurance Companies and Homeowners | 2019-current |
| • | Umpire on Property Losses | 2019-current |
| • | Estimating & Settlement Residential/Commercial losses | 1991-2018 |
| • | Interim Management State Farm Auto and Fire | 1996-2018 |
| • | San Francisco CA Riot Claims, Commercial and Residential | 1992 |
| • | Santa Maria CA Mudslide and Flood Losses | 1995 |
| • | Hurricane Andrew Lafayette Louisiana Residential Losses | 1992 |
| • | Hurricane Ivan Gulf Shores, AL Condo and Home Losses | 2004 |
| • | Northridge Earthquakes Santa Clarita CA Home Losses | 1994 |
| • | Flood Losses Hammond IN, Residential FEMA Flood | 2013 |
| • | Coordinator Tornado Losses Nappanee | 2007 |
| • | Hail Losses Chicago, IL | 2005 |
| • | Tornados Mt. Dora Florida Residential Losses | 1993 |
| • | Hurricane Opal Louisiana Residential Losses | 1994 |
| • | Tornado Residential Losses Henryville IN | 2012 |
| • | FEMA Flood Certified | 1991-2015 |
| • | Business Interruption State Farm Certified | 1998-2016 |
| • | Assistant Pricing Specialist Xactimate Comparison | 2000-2005 |
| • | Assistant Catastrophe Coordinator Indiana | 2012-2014 |

## Employment History

| | |
|---|---|
| Best Insurance Settlement | 2018-Present |
| *Owner and Licensed Public Adjuster* | |
| State Farm Insurance | 1991-2018 |
| *Fire Field Claim Representative* | |
| New Horizon Bakery | 1990-1991 |
| *Pull away and Line* | |
| Marsh Supermarkets | 1987-1990 |
| *Cashier and Stock* | |
| Ball State University | 1987-1988 |
| *Intramurals Umpiring* | |
| Butler Asphalt | 1984-1986 |
| *Heavy Equipment Operator* | |
| IGA Supermarkets | 1984-1986 |
| *Carry-Out and Stock* | |

Petitioner's Exhibit C



# Tim Leslie

## Certified General Adjuster, Appraiser, Umpire and Loss Consultant

Serving Chicagoland Area, Indiana and Michigan

Office: 219-851-0822

timleslie82@yahoo.com

## Summary

Property and Casualty insurance professional bringing more than 7 years of industry experience as an Independent Adjuster with an additional 21 years experience in roofing and residential and commercial property restoration. Focused on creating a seamless experience for policyholders, staffing firms, carrier partners, and appraisal panels through prompt communication and accuracy.

## KEY SKILLS —

Xactimate
Symbility
Property Loss Appraiser/Umpire
XactAnalysis
FileTrac
Desk Adjusting
Field Adjusting
Residential
Mobile Home
Commercial
Policy Interpretation
Liability
Supplementation
Reconciliation
Claims Management
Adjuster Training

## EXPERIENCE

**Property Loss Appraiser and Umpire**
Unbiased appraiser/umpire for both carriers and insureds; focusing solely on the facts of the loss, restoration methods, and market conditions to provide a proper award through alternative dispute resolution.

**Vice President of Claims • Brush Claims**
Worked directly with multiple carrier partners to assess their needs and provide solutions through proper claims handling and overall industry compliance.

**Independent Adjuster Field/Desk, Residential and Commercial**
Completed thorough investigations and created detailed reports to ensure proper coverage determination and indemnification per the insurance policy. Reviewed and reconciled contractor estimates for accuracy. Communicated consistently with all parties throughout the life cycle of the claim by setting expectations, providing status updates, and following-up with requests. 1,000s of catastrophe and daily claims handled in the field and in-office.

**Roofing/Restoration • Rose and Leslie Home Restoration**
Owner / Operator of Home Restoration Company specializing in insurance restoration.

**Sales Manager • RL Roofing**
Managed a team of salesman to drive both residental and commerical sales. Managed the team in running leads, prospecting, estimating projects, measuring roofs, creating work orders, and keeping good communication with the customers and other team members.

Petitioner's Exhibit D